# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAVIN SINGH, | : | Civil No. 1:20-CV-00627 |
| Petitioner, | : | |
| v. | : | |
| ANGELA HOOVER, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an immigration habeas corpus case under 28 U.S.C. § 2241. Petitioner Navin Singh ("Singh") seeks a writ of habeas corpus because of the global COVID-19 pandemic and because his continued detention has become unreasonably prolonged. For the reasons that follow, the court will deny the petition to the extent that it seeks relief based on the COVID-19 pandemic, but defer ruling on Singh's argument that his detention has become unreasonably prolonged.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

COVID-19 is an infectious disease caused by a novel strain of coronavirus. *Coronavirus*, WORLD HEALTH ORGANIZATION, https://www.who.int/health-topics/coronavirus#tab=tab_1 (last visited Apr. 16, 2020). The first reported cases of COVID-19 occurred in late 2019 in Wuhan, China. *See Coronavirus Disease 2019: Situation Summary*, CENTERS FOR DISEASE CONTROL AND PREVENTION (updated Apr. 7, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-

updates/summary.html. Since that time, the coronavirus has grown exponentially and become a global pandemic, with 213 countries reporting confirmed cases of the disease. *Coronavirus Disease (COVID-19) Pandemic*, WORLD HEALTH ORGANIZATION, https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited Apr. 17, 2020). At the time of this writing, there were 2,034,802 confirmed cases of COVID-19 around the world, including 135,163 confirmed deaths. *Id.* The United States has become a particular hot spot for the disease, with 632,781 confirmed cases, and 28,221 deaths as of the time of this writing. *Coronavirus (COVID-19) Dashboard*, WORLD HEALTH ORGANIZATION, https://covid19.who.int/ (last visited Apr. 17, 2020).

Although most people who become sick from COVID-19 develop only mild or moderate respiratory symptoms and recover with no medical intervention, a minority of cases lead to serious illness that can result in hospitalization or death. *Q&A on Coronavirus (COVID-19): What Are the Symptoms of Coronavirus*, WORLD HEALTH ORGANIZATION, https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited Apr. 16, 2020). COVID-19 affects people of all demographics, but some populations—most notably elderly individuals and individuals with preexisting medical conditions—are more susceptible to developing serious cases of the disease than others. *Coronavirus Disease 2019 (COVID-19): Groups at Higher Risk for Severe Illness*, CENTERS FOR DISEASE

CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Apr. 16, 2020).

At the time of this writing, there is no vaccine for COVID-19, and no antiviral medications have proven effective in treating the disease. *Q&A on Coronavirus (COVID-19):Are There Any Medicines or Therapies that Can Prevent or Cure COVID-19?*, WORLD HEALTH ORGANIZATION, https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (last visited Apr. 16, 2020). In the absence of such solutions, governments have turned to non-medical interventions to try to slow the spread of the disease, including school closures, restrictions on businesses and large gatherings, stay-at-home orders, and "social distancing" policies. *See, e.g.*, *Social Distancing, Quarantine, and Isolation*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html. In line with those policies, the Commonwealth of Pennsylvania has issued a mandatory stay-at-home order for all individuals in the commonwealth and has closed all schools, among other measures to combat the disease. *See* Order of the Governor of the Commonwealth of Pennsylvania for Individuals to Stay at Home (Apr. 1, 2020), https://www.governor.pa.gov/wpcontent/uploads/2020/04/20200401-GOV-Statewide-Stay-at-Home-Order.pdf; *Governor Wolf Announces Closure of Pennsylvania Schools*, GOVERNOR TOM

WOLF (Mar. 13, 2020), https://www.governor. pa.gov/newsroom/governor-wolf-announces-closure-of-pennsylvania-schools/.

It is against this backdrop that Singh seeks a writ of habeas corpus. Singh is a native and citizen of Trinidad and Tobago who was lawfully admitted into the United States in 1990.[1] (Doc. 1 at 2.) In 2001, Singh was granted lawful permanent resident status. (*Id.*) In 2017, the Department of Homeland Security initiated removal proceedings against Singh after he was convicted of conspiracy to dispute a controlled substance. (*Id.*) Singh is currently detained by United States Immigration and Customs Enforcement ("ICE") in the Clinton County Correctional Facility ("CCCF") pending his removal from the country. (*Id.* at 18.)

Singh filed a petition for writ of habeas corpus on April 16, 2020. (*Id.* at 1.) Singh argues that he is entitled to habeas corpus relief because of the COVID-19 pandemic and because his continued detention has become unreasonably prolonged in violation of the Constitution. (*Id.*) Singh's argument based on the COVID-19 pandemic is a word-for-word reproduction of an identical argument raised before this court by a different petitioner in *Saillant v. Hoover*, No. 1:20-CV-00609, 2020 WL 1891854 (M.D. Pa. Apr. 16, 2020). As the court did in *Saillant*, the court

---

[1] Because the court is addressing Singh's petition on an emergency basis, Respondents have not had a chance to respond to Singh's factual contentions. Accordingly, the facts provided here are assumed to be true only for the purpose of resolving the COVID-19 portion of Singh's petition.

construes Singh's petition as seeking emergency relief based on the pandemic and accordingly provides the within ruling on an expedited basis.

## STANDARD OF REVIEW

A United States district court may issue a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## ANGELA HOOVER IS THE ONLY PROPER RESPONDENT

Under 28 U.S.C. § 2243, a writ of habeas corpus must be directed to the petitioner's custodian. The warden of the prison where a petitioner is held is considered the petitioner's custodian for purposes of a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Accordingly, Respondent Angela Hoover, the warden of CCCF, is the only proper respondent to this action. Respondents Simona Flores, L. Francis Cissna, and William Barr are therefore dismissed from this action.

## DISCUSSION[2]

Because of the COVID-19 pandemic, courts around the country have confronted a growing number of cases like the present one in which an individual seeks release from incarceration based on the pandemic. As a result, a body of case law has quickly developed in this district that provides guidance on when habeas corpus relief is warranted based on COVID-19 concerns. The court turns its attention to those cases.

In *Thakker v. Doll*, __ F. Supp. 3d __, 1:20-CV-00480, 2020 WL 1671563 (M.D. Pa. Mar. 31, 2020), United States District Judge John E. Jones, III considered a request for preliminary injunctive relief in a habeas corpus case brought by a number of immigration detainees with chronic medical conditions that made them more susceptible to COVID-19. *Id.* at *1. Given the seriousness of the COVID-19 pandemic, the conditions in the facilities in which the petitioners were detained, and the petitioners' underlying health conditions, the court found that the petitioners would suffer irreparable harm if preliminary injunctive relief were not granted. *Id.* at *3–7. The court similarly concluded that petitioners had

---

[2] Although Singh challenges the conditions of his confinement through a habeas corpus petition, the court finds that it has subject matter jurisdiction because a claim based on COVID-19 is precisely the sort of "extreme case" in which a conditions of confinement claim is cognizable in a habeas corpus case. *See Ali v. Gibson*, 572 F.2d 971, 975 n.8 (3d Cir. 1978); *Saillant*, 2020 WL 1891854; *Verma v. Doll*, No. 4:20-CV-00014, 2020 WL 1814149, at *4 (M.D. Pa. Apr. 9, 2020).

established a likelihood of success on the merits of their petitions and that the balance of equities and public interest favored preliminary injunctive relief. *Id.* at *7–9. Accordingly, the court granted the petitioners' motion for preliminary injunction. *Id.* at *10; *see also Hope v. Doll*, No. 1:20-CV-00562 (M.D. Pa. Apr. 7, 2020) (granting habeas relief to a class of petitioners that was similarly situated to the class of petitioners in *Thakker* for substantially the same reasons as those expressed in *Thakker*).

Unlike the petitioners in *Thakker*—individuals who were at increased risk of contracting COVID-19 but did not have confirmed cases of the disease—the petitioner in *Camacho Lopez*, 2020 WL 1689874, was an immigration detainee who had a confirmed case of COVID-19. *Id.* at *1. The court in *Camacho Lopez* distinguished the case from *Thakker* on that basis. *Id.* at *6. Because the petitioner had already contracted COVID-19, the question of whether habeas corpus relief was warranted in *Camacho Lopez* was based on the medical treatment he was receiving for the disease, rather than on any preventive measures the facility was taking to slow the spread of the disease. *Id.* at *7. Analyzing the case through that lens, the court concluded that preliminary injunctive relief was not warranted because the petitioner had received adequate medical care for his COVID-19 illness. *Id.* at *7–9.

Following *Thakker* and *Camacho Lopez*, United States District Judge Yvette Kane considered a habeas petition brought by an immigration detainee who had not been diagnosed with COVID-19, but had been assessed as possibly having anemia, which could potentially affect his immune system. *See Umarbaev v. Lowe*, 1:20-CV-00413, 2020 WL 1814157, at *5 (M.D. Pa. Apr. 9, 2020). The court found that the risk of contracting COVID-19 was not sufficient to grant habeas corpus relief and found that the petitioner was not otherwise entitled to relief when considering his specific medical needs, the respondent's response to those medical needs, and the respondent's response to the COVID-19 pandemic generally. *Id.* at *7.

On the same day that Judge Kane decided *Umarbaev*, Chief Judge Conner considered another habeas corpus claim based on the COVID-19 pandemic in *Verma*, 2020 WL 1814149. The petitioner in *Verma* was 67 years old and had a number of medical conditions that made him more vulnerable to COVID-19—including cardiovascular disease, pre-diabetes, high blood pressure, high cholesterol, and angina—but had not tested positive for COVID-19. *Id.* at *2. The petitioner did not advance specific legal theories entitling him to habeas corpus relief and instead simply relied on the court's decision in *Thakker* to request relief. *Id.* at *3. The court in *Verma* concluded that the petitioner was not entitled to

habeas corpus relief because he had failed to make an individualized showing of facts that would justify such relief. *Id.* at *5–7.

Although there is no set formula for determining when habeas corpus relief is appropriate based on the risks from COVID-19, *Thakker*, *Camacho Lopez*, *Umarbaev*, and *Verma* provide a non-exhaustive list of factors that may be considered in such a case. A court considering a habeas corpus petition based on the COVID-19 pandemic may consider (1) whether the petitioner has been diagnosed with COVID-19 or is experiencing symptoms consistent with the disease; (2) whether the petitioner is among the group of individuals that is at higher risk of contracting COVID-19 based on age, preexisting medical condition, or some other specific reason; (3) whether the petitioner has been directly exposed to COVID-19; (4) the physical space in which the petitioner is detained, and how that physical space affects his risk of contracting COVID-19; (5) the efforts that the prison has made to prevent or mitigate the harm caused by COVID-19; and (6) any other relevant factors. It is not enough for a petitioner to allege that he is detained and presented with a risk of contracting COVID-19 that is common to all prisoners. Rather, the petitioner must make an individualized showing that he is entitled to habeas corpus relief when considering the above factors. *See Verma*, 2020 WL 1814149, at *5–7. As the Third Circuit has noted in the analogous context of motions for compassionate release under 18 U.S.C. § 3582, "the mere

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, __ F.3d __, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).

In this case, Singh's argument based on the COVID-19 pandemic is a word-for-word reproduction of an identical argument raised in *Saillant*. *Compare* Doc. 1 at 10–18, *with Saillant*, No. 1:20-CV-00609, at *7–17 (petition filed Apr. 13, 2020). That argument was rejected in *Saillant* because evidence showed that CCCF had adequately addressed the petitioner's concerns regarding the facility's preventive measures against COVID-19 and because the petitioner failed to otherwise make an individualized showing that he was entitled to relief. *See Saillant*, 2020 WL 1891854. Singh and Saillant are both detained at CCCF, so Singh's petition suffers from the exact same defects that caused the court to reject the argument in *Saillant*. Accordingly, Singh's petition is denied to the extent that it seeks habeas corpus relief based on the COVID-19 pandemic.[3]

---

[3] Although the court in *Saillant* acknowledged that "circumstances surrounding the COVID-19 pandemic can change rapidly," *Saillant*, 2020 WL 1891854 at n.2, the court notes that the decision denying relief in *Saillant* was issued shortly after 9:00 a.m. on April 16, 2020, and the petition in the instant case was filed shortly after 12:00 p.m. on the same date. Thus, given that only three hours passed between the two events, the court does not find that there is any reasonable basis to depart from its reasoning in *Saillant*.

Finally, although the court construes Singh's petition as requesting emergency habeas corpus relief based on the COVID-19 pandemic, the court does not construe the petition as requesting such emergency relief with regard to his argument that his continued detention has become unreasonably prolonged under the Due Process Clause of the Constitution. Accordingly, the court will defer ruling on that portion of Singh's petition until both Singh and the Respondent have been given an adequate opportunity to brief the legal issues involved. An appropriate briefing schedule will be included in the order that accompanies this memorandum.

## CONCLUSION

For the foregoing reasons, Singh's petition for writ of habeas corpus is denied to the extent that it seeks habeas corpus relief based on the COVID-19 pandemic.[4] The court defers ruling on Singh's argument that his detention has become unconstitutionally prolonged. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 17, 2020

---

[4] The court recognizes that the circumstances surrounding the COVID-19 pandemic can change rapidly. Accordingly, although the instant petition is denied, the denial is without prejudice to Singh filing a renewed petition for writ of habeas corpus if his individual circumstances change with respect to the pandemic.